# SUPREME JUDICIAL COURT

FOR THE

## COUNTY OF BERKSHIRE, SEPTEMBER TERM 1865, AT LENOX.

PRESENT:

Hon. GEORGE T. BIGELOW, Chief Justice.
Hon. CHARLES A. DEWEY, ⎫
Hon. REUBEN A. CHAPMAN, ⎬ Justices.
Hon. HORACE GRAY, Jr., ⎭

### Commonwealth vs. Eliza Mead.

If an indictment contains two counts, the first of which charges the defendant with having been a common seller of intoxicating liquors during a certain period, and the second with having made a single sale within the same period, the defendant may be tried upon the first count, although he has pleaded guilty to the second; and if found guilty upon the first count judgment may be rendered thereon against him, and a *nolle prosequi* entered upon the second count.

Indictment containing two counts. The first count charged the defendant with having been a common seller of intoxicating liquors from the 1st of February 1864 to the time of finding the indictment, in January 1865. The second count charged her with a single sale made on the 1st of June 1864. The defendant pleaded guilty to the second count and not guilty to the first count.

At the trial in the superior court, *Brigham*, J. instructed the

jury that they might nevertheless find her guilty on the first count, which they accordingly did. The defendant alleged ex-- ceptions.

*A. J. Waterman*, for the defendant.

*J. C. Davis*, for the Commonwealth, was not called on.

Dewey, J. The case of *Commonwealth* v. *Jenks*, 1 Gray, 490, states the principle which must govern the present case. The jury there had found the defendant guilty, as to all the counts contained in the indictment, by a general verdict of guilty. The first count charged him as a common seller of intoxicating liquors, from a certain day named to another period also named; and the second count charged a single sale on a day named, which was embraced in the period of the offence set forth in the first count. Upon this state of the case, it was insisted, on the part of the defendant, that no judgment could properly be made against him upon either count, as the conviction of the party as a common seller must be a bar to an indictment for a single sale within the same period, and the conviction of a single sale during that period would operate to bar the charge of being a common seller, and thus the whole indictment must fail. But the court allowed a *nolle prosequi* to be entered upon the second count, and a judgment to be entered upon the first; taking the distinction between the case of a mere verdict, and one where judgment has been entered. In *Commonwealth* v. *Lahy*, 8 Gray, 459, this distinction was clearly stated and applied. While there has been only a conviction by a verdict, but no judgment entered therein, the case is open to a motion in arrest of judgment or other proceedings to secure the proper judgment, as well as to the entry of a *nolle prosequi* by the prosecuting officer, of any portion of the indictment that should not be further pursued. But it is only after a judgment has been entered upon the verdict that it can be made a ground for sustaining a plea of former conviction or acquittal of the same offence.

It is true that in the present case the defendant pleaded guilty to the second count. But that does not affect the principle. Such plea of guilty is a mere substitute for a verdict upon evidence offered by the government. It leaves the defendant with

all the rights he would have under a conviction by a jury, as to motion in arrest, &c., and it also leaves the prosecuting officer equally free to discontinue as to the court. Had this been a case arising upon a verdict by the jury as to both the counts, we have seen that the objection now urged could not have availed the defendant, and he might properly be sentenced upon the first count. This case does not differ in principle. The rights of the defendant are fully protected in both cases by a discontinuance, before judgment and sentence, of the second count charging a single sale. *Exceptions overruled.*